UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Harold Wilkinson,** | **Civil No. 07-4312 (JNE/JJG)** |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **U.S. Postal Service,** **American Postal Workers Union, AFL-CIO,** | |
| Defendants. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter came before the undersigned on October 7, 2008 on motions to dismiss (Doc. Nos. 6, 26, 33) by defendant American Postal Workers Union (the Union). Plaintiff Harold Wilkinson did not appear, either personally or through counsel. Defendant U.S. Postal Service did not appear. The Union was represented by Jennifer E. Ku, Esq. The motions are referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(b).

**A.   Notice of Motions**

As a threshold matter, this Court observes that Mr. Wilkinson (Wilkinson) has not filed any papers opposing the motions to dismiss, nor did he appear at the October 7 motion hearing. Under these circumstances, it is prudent to first consider whether Wilkinson had sufficient notice of the Union's motions to dismiss.

The Union filed its first motion to dismiss on April 18, 2008. At the time, Wilkinson was represented by counsel, and the record indicates that the motion was duly served to counsel that day. (Exh. 1.)[1]

Alleging the attorney-client relationship had broken down, Wilkinson's counsel moved to withdraw from the representation on May 8, 2008. This Court granted the motion by an order on May 23, 2008. The order required counsel to turn over to Wilkinson all files and records from the representation. It also directed Wilkinson to either acquire new counsel, or file a letter saying that he was proceeding on his own behalf, on or before July 7, 2008. To verify that Wilkinson was aware of these developments, the order also required counsel to send a letter to Wilkinson, and then file a copy of the letter.

Counsel filed that letter on June 20, 2008. In the letter, which was dated June 2, 2008, counsel indicated that the April 18 motion papers were attached. (Exh. 2.)

The Union then filed a supplemental motion, which offered additional information about the original April 18 motion to dismiss, on June 27, 2008. The supplemental motion papers were served to Wilkinson by U.S. Mail at his address of record. (Exh. 3.)

Raising an entirely separate argument, the Union filed another motion to dismiss on July 8, 2008. This motion was also served to Wilkinson by U.S. Mail at his address of record. (Exh. 4.) With these papers, the Union included an amended notice for all the pending motions, stating that the motion hearing was scheduled before this Court on October 7, 2008. (Exh. 5.)

In an evident effort to ensure that Wilkinson had notice of the motions to dismiss and the October 7 motion hearing, the Union served Wilkinson again on July 21, 2008. This time, the

---

[1] Exhibits are cited in an appendix at the end of this report and recommendation.

2

Union served Wilkinson personally at his address of record. On October 2, 2008, the Union filed an affidavit of service. (Exh. 6.)

In these circumstances, this Court finds that Wilkinson had ample notice of the Union's motions to dismiss and the October 7 motion hearing, yet Wilkinson did not file any opposing papers or appear at the hearing.

At the motion hearing, the Union stated that at some point in May, Wilkinson had called opposing counsel and advised he was continuing to pursue this matter. But there is no indication that Wilkinson has done anything since. Notwithstanding what Wilkinson said in May, there is no evidence that he actually intends to prosecute the litigation at this time.

**B.     Motions to Dismiss for Insufficient Service**

Through a motion on April 18, 2008, which the Union supplemented on June 27, 2008, the Union asks that the claims against it be dismissed under Rule 12(b)(5) for insufficient service of process. The Union argues that Wilkinson did not timely serve the complaint and summons. In the alternative, it asserts that Wilkinson served the wrong entities and committed other formal defects in service.

Wilkinson's counsel filed the complaint in this litigation on October 19, 2008. By civil process of the Hennepin County Sheriff's Office, the summons and complaint were delivered to the president of the affiliated Union local, Fernard Sirois, on February 20, 2008. (Exh. 7.)

As noted beforehand, Wilkinson's counsel moved to withdraw from the representation on May 8, 2008. In the papers for that motion, counsel acknowledged that he may have committed malpractice because of insufficiency of service. (Exh. 8.) After withdrawal was granted on May 23, 2008, counsel attempted to cure insufficient service, filing the summons and complaint with the Minnesota Secretary of State on May 28, 2008. (Exhs. 2, 9.)

3

The timeliness issue is governed by Rule 4(m), which provides,

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Counting from October 19, 2007, the date that the complaint was filed, the deadline for service was February 18, 2008.[2] Yet the local was served on February 20, 2008, and assuming solely for the sake of argument this service was otherwise effective, it remains untimely. The same may be said for the subsequent effort, more than three months later, to accomplish service through the Secretary of State.

When timeliness of service is challenged, the plaintiff may be excused from the failure to timely serve for good cause shown. *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 886 (8th Cir. 1996). Even in the absence of good cause, a court retains discretion to extend the period for service, so long as a plaintiff makes a showing of excusable neglect. *Colasante v. Wells Fargo Corp.*, 81 Fed.Appx. 611, 613 (8th Cir. 2003). Because Wilkinson has not opposed the motion to dismiss, there is no showing of good cause or excusable neglect that gives reason to exempt him from the deadline in Rule 4(m).

Where a plaintiff waits until the eve of the deadline to commence service of process, fails to provide a legitimate reason for the delay, and service is ultimately untimely, it is not an abuse of discretion for a court to dismiss without prejudice for insufficient service. *Colasante*, 81 Fed. Appx. at 613. This Court accordingly concludes that, because service was untimely, dismissal without prejudice is appropriate here.

---

[2] Strictly counting 120 days, the deadline is on a Saturday. This being a non-judicial day under Rule 6(a), the deadline is extended two more days.

The Union also devotes substantial discussion to whether service was defective. It claims that the local was not authorized to accept service on behalf of the Union, and that Wilkinson did not comply with state law for serving the Union through the Secretary of State. This Court also observes that, because the representation was terminated before counsel attempted service on the Secretary of State, counsel may have lacked authority to serve on Wilkinson's behalf. Because the timeliness issue is plainly dispositive, however, this Court will not examine other purported defects in service.

C.      **Motion to Dismiss for Failure to Prosecute**

The Union separately moves to dismiss for failure to prosecute. It cites this Court's May 23 order, which required that by July 7, 2008, Wilkinson must either acquire counsel or state his intention to proceed on his own behalf. Because Wilkinson did not comply with this order, the Union argues, this matter should be dismissed with prejudice.

This motion arises under Rule 41(b), which provides in relevant part,

> If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

As the rule indicates, a court has the authority to dismiss where a plaintiff does not comply with court orders. It is not necessary to find that the plaintiff acted in bad faith, only that the plaintiff acted "deliberately rather than accidentally[.]" *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259-60 (8th Cir. 1997).

The rule states that, where dismissal is ordered, it is ordinarily dismissal with prejudice. But Eighth Circuit cases caution against this outcome, observing that dismissal with prejudice is an "extreme sanction" that should only be used in circumstances involving willful disobedience

or intentional delay. *See, e.g., Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005); *Hutchins*, 116 F.3d at 1260.

When deciding whether to dismiss with prejudice, a court should balance concerns about judicial efficiency with the potential consequences of a final judgment against the plaintiff. In this balance, a court should also consider whether a less severe sanction will adequately remedy any delay or prejudice to the defendants. *Smith v. Gold Dust Casino*, 526 F.3d 402, 406 (8th Cir. 2008); *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997).

For the purposes of the current motion, the Eighth Circuit decision in *Mann v. Lewis* is illustrative. 108 F.3d 145 (8th Cir. 1997). The court concluded that, where the record showed violations of court orders, but no "intentional or willfully disobedient conduct designed to delay the proceedings or frustrate the defendants' preparations for trial," it was an abuse of discretion to dismiss with prejudice. *Id.* at 147.

The record shows that Wilkinson has notice of the May 23 order. Wilkinson has yet to act, and in light of the notice he has received, his violation of the order is deliberate. This Court cannot further conclude, however, that Wilkinson somehow intends to delay the proceedings or frustrate the defense. And because this litigation has not proceeded to discovery, the defendants have not incurred substantial costs defending against this action. This Court concludes that the most suitable remedy is dismissal without prejudice.

As Wilkinson's inaction affects not only the Union, but also the Postal Service, there is no reason for the claim against the Postal Service to survive after the claim against the Union is dismissed. Judicial efficiency favors dismissal of this litigation in its entirety. This outcome is allowed under Rule 41(b), which authorizes dismissal of the "action." And this Court warned of possible sanctions for failure to comply in the May 23 order. *Cf. Hunt v. City of Minneapolis*,

203 F.3d 524, 527 (8th Cir. 2000) (holding that, though it is prudent for a court to issue advance warning before ordering dismissal under Rule 41(b), such a warning is not necessarily required). This Court recommends, therefore, that this action be dismissed in its entirety without prejudice.

**D.     Recommendation**

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1.   The Union's motions to dismiss (Doc. Nos. 6, 26, 33) be **GRANTED.**

2.   All claims in this litigation be **DISMISSED WITHOUT PREJUDICE.**

3.   This litigation be closed and judgment entered.

Dated this 17th day of October, 2008.

                s/ *Jeanne J. Graham*
              JEANNE J. GRAHAM
              United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **October 31, 2008**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.

**APPENDIX**

Exh. 1   Cert. of Service, Apr. 18, 2008 [Doc. No. 12].

Exh. 2   Letter of S. Heikens, June 2, 2008 [Doc. No. 25].

Exh. 3   Cert. of Service, June 27, 2008 [Doc. No. 32].

Exh. 4       Cert. of Service, July 8, 2008 [Doc. No. 39].

Exh. 5       Notice, July 8, 2008 [Doc. No. 38].

Exh. 6       Aff. of M. Joyce, July 22, 2008 [Doc. No. 41].

Exh. 7       Decl. of F. Sirois, Apr. 7, 2008 [Doc. No. 10].

Exh. 8       Notice, May 8, 2008 [Doc. No. 17].

Exh. 9       Decl. of G. Bell, June 26, 2008 [Doc. No. 29].